STODDARD v. ROWE *et al.*

**Fraudulent Conveyance:** PARENT TO CHILDREN. A parent, who was a judgment debtor, bargained for, and with money in her possession paid for, certain land, which she directed to be deeded to her children. *Held* that this alone, with no evidence as to the ownership of the money paid for the land, was not sufficient to overcome the presumption in favor of the legal title in the children, nor to justify a judgment subjecting the property to the payment of the judgment.

*Appeal from Des Moines District Court.*—HON. CHAS. H. PHELPS, Judge.

FILED, SEPTEMBER 4, 1888.

THIS is an action in equity to subject certain real estate to the payment of a judgment. The district court rendered judgment in favor of defendants for costs, and plaintiff appeals.

*T. J. Trulock,* for appellant.

No appearance for appellees.

ROBINSON, J.—The plaintiff alleges in his petition that on the third day of January, 1882, he obtained a judgment in the district court of Des Moines county against defendants E. G. Rowe and Cynthia J. Rowe, for $284.35, and that no part of this judgment has been paid; that since said date said judgment debtors have been insolvent; that in February, 1883, for the purpose of defrauding plaintiff, they caused certain real estate, which is described, to be conveyed to their co-defendants Fannie, Hattie, Harry, Mason and Roy Rowe, and to Andrew Rowe; that said grantees are the children of said debtors, and that the money of the latter paid for the conveyance, and that said grantees paid nothing for said land and have no interest therein. Plaintiff asks that his judgment be established as a specific lien on the land. The answer of the judgment debtors is a disclaimer of interest in this suit, and the premises in controversy. Defendants Henry, Mason and Roy Rowe appear to be minors, and, by their guardian *ad litem,* deny all allegations of the petition adverse to their interests. Fannie and Hattie admit that they claim an interest in the land in suit; that the deed therefor runs in their name, and in the names of other co-defendants; and that judgment was recovered by plaintiff as alleged. But they deny all knowledge as to whether the judgment has been paid or not, and deny all allegations not admitted.

The record submitted to us does not show that Andrew was made a party to the suit. There is but little evidence offered by plaintiff, and none by defendants. There is no evidence as to the rendition of the judgment, hence it is not established as against Henry, Mason and Roy. The evidence as to the alleged insolvency of the judgment debtors is neither clear nor satisfactory. The only evidence relating to the ownership of the land in question is a deed from Henry H. Wilson

and wife to Hattie I. Martin, Mary T. Rowe, William A. Rowe, Henry V. Rowe, Carl W. Rowe and Roy V. Rowe; and the testimony of Wilson, which is as follows: "I reside in Denmark, Lee county, Iowa. I am acquainted with Mrs. E. G. Rowe. I executed a deed to her for the property described in the petition. I made the contract with her, and she paid me the money—five hundred and fifty dollars. She requested me to make the deed to her children, and I asked no questions, but made it that way, and she paid me the money for it. It was in the month of February, 1883. She did not live in Denmark, and does not now. She handed me the money when we came to make the deed. She told me to make it to the children." It will be observed that Mrs. Rowe made no statement as to her object in making the purchase, nor as to the ownership of the money paid. It is not shown that she ever had any property in her own right. If we concede the insolvency of the debtors, as alleged, does the fact that Mrs. Rowe, while owing the plaintiff, negotiated for the land and paid the consideration therefor, overcome the presumptions of title and good faith which are authorized by law? We think not. There is nothing in the transaction, so far as shown, which is inconsistent with good faith and fair dealing. But it is said that the fact that Mrs. Rowe had actual possession of the money is evidence that she owned it. It is true that proof of possession of personal property is presumptive proof of ownership in some cases, but its value depends upon the circumstances of the case. In this case, if there were proof that the grantees of Wilson were wholly without property, or that Mrs. Rowe had had property in her own right which she had converted into money, or that she had been possessed of money in her own right for which she could not account, or that she had shown a desire to hinder, delay or defraud her creditors, we should be disposed to attach more importance to the fact that she paid the money in question. But it seems to us that the presumption arising from the possession of the money by Mrs. Rowe is not sufficient to justify us

in holding that the transaction was fraudulent, and that the title of defendants should be subjected to the judgment of plaintiff. In our opinion the evidence fails to sustain the claim of plaintiff, and the judgment of the district court is, therefore,

AFFIRMED.